```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES OF THE NEW YORK CITY         :
DISTRICT COUNCIL OF CARPENTERS        :
PENSION FUND, WELFARE FUND, ANNUITY   :
FUND, and APPRENTICESHIP,             :
JOURNEYMAN RETRAINING, EDUCATIONAL    :
AND INDUSTRY FUND, TRUSTEES OF THE    :
NEW YORK CITY CARPENTERS RELIEF       :
AND CHARITY FUND, the CARPENTER       :
CONTRACTOR ALLIANCE OF                :
METROPOLITAN NEW YORK, and the NEW    :
YORK CITY DISTRICT COUNCIL OF         :
CARPENTERS,                           :
                                      :
              Petitioners,            :
                                      :      21 Civ. 4587 (VM)
    - against -                       :
                                      :
BARDEN CONTRACTING SERVICES LLC,      :      DECISION AND ORDER
                                      :
              Respondent.             :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/21

**VICTOR MARRERO, United States District Judge.**

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), and the New York City District Council of Carpenters (the "Union" together, with the Funds, as "Petitioners") bring this action against Barden Contracting Services ("Respondent" or "Tiki") to confirm an arbitration award. Now before the Court is Petitioner's unopposed motion to confirm the award. (See Dkt. Nos. 1, 8.)

1

For the reasons discussed below, Defendants' petition (Dkt. No. 1) is GRANTED.

A court reviewing an arbitration award should confirm that award so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Even where a Court may believe the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."); Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority.") (citing Leed Architectural Products, Inc. v. United Steelworkers of Am. Local 6674, 916 F.2d 63, 65 (2d Cir. 1990)). Generally, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H.

Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Accordingly, the court "must grant the award unless the award is vacated, modified, or corrected." Id. (internal quotations omitted).

Here, the Court treats the unopposed motion as one for summary judgment. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,109 (2d Cir. 2006). Having reviewed the petition, the memorandum of law, as well as the accompanying documents, the Court is persuaded that the arbitrator acted within the scope of his authority. The Court therefore will confirm the arbitration award.

The Court is likewise persuaded that Petitioner's request for attorney's fees is proper, and that the rate they describe is reasonable. See Empire State Carpenters Welfare, Annuity & Apprenticeship Training Funds v. Conway Constr. of Ithaca Inc., No. 13 Civ. 7005, 2015 WL 1198609, at *16 (E.D.N.Y. Aug. 11, 2015). And, the Court is persuaded costs as well as post-judgment interest are warranted as well.

Therefore, for the reasons stated above, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) of Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund,

Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York, and the New York City District Council of Carpenters is **GRANTED**, as follows:

1. Awarding Petitioners $2,154,254.13, as against Respondent, representing the unsatisfied portion of the arbitration award (the "Award") plus interest on this unsatisfied portion from the date of the Award through the date of judgment, with interest to accrue at the annual rate of 5.25%;

2. Awarding Petitioners $75 in court costs and service fees arising out of the proceeding;

3. Awarding Petitioners $1,472.50 in attorney's fees arising out of the proceeding; and

4. Awarding Petitioners post-judgment interest at the statutory rate

The Clerk of Court is respectfully directed to dismiss all pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
04 October 2021

_____
Victor Marrero
U.S.D.J.